**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

BARRY HARRIS, #342316,

    Petitioner,

v.               ACTION NO.
                2:07cv261

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.


## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

   This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas

corpus.

## I. STATEMENT OF THE CASE

### A. Background

   Petitioner Barry Harris ("Harris") was convicted in the Circuit Court of Sussex County of

animate object sexual penetration and was sentenced to a term of five years imprisonment.

   Harris's direct appeal of his convictions to the Virginia Court of Appeals was denied by a

single judge of the court on October 11, 2005, and again by a three-judge panel on January 27, 2006.

The Virginia Supreme Court refused Harris's petition for appeal on January 24, 2006.  Harris then

filed a habeas petition in the Virginia Supreme Court, which was denied on April 2, 2007.

Harris, presently in the custody of the Virginia Department of Corrections at the Lunenburg Correctional Center in Victoria, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 7, 2007.  On July 12, 2007, the respondent filed a Rule 5 Answer and Motion to Dismiss. Harris filed a response to the Motion to Dismiss on August 2, 2007.

## B. Grounds Alleged

Harris asserts the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    he was denied the effective assistance of counsel when counsel:

        (i)    failed to object to petitioner wearing a jail-issued uniform before members of the jury; and,

        (ii)    failed to introduce several medical records at trial;

    (b)    his conviction is based on insufficient evidence because it is unsupported by DNA or other scientific evidence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844

(1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

      Ground (b) was not raised before the Virginia Supreme Court. Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Harris can satisfy the requirement "if it is clear that [Harris'] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

      Virginia does bar Harris from raising this claim on state habeas corpus now because he did not raise it on direct appeal; therefore, he procedurally defaulted on the claim. See Va. Sup. Ct. R. 5:17(c) (Michie 2004); Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Harris then has met the exhaustion requirement for this claim.

      However, even if his claim meets the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Harris cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Harris shown the requisite cause and prejudice which this Court must find before considering the merits of the claim. Therefore, this Court finds that Ground (b) is defaulted on federal habeas and will not address the merits.

## B. Merits

      Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

      (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

The Virginia Supreme Court thoroughly considered the claims reflected in Ground (a) of the instant petition,[1] and thereafter dismissed them on the merits. In doing so, the Court clearly articulated its application of the governing legal standard to the facts in this case. See Strickland v. Washington, 466 U.S. 668, 690, 694 (1984) (holding that a court may grant relief for ineffective assistance of counsel if it finds (1) defendant's counsel lacked the competence demanded of counsel in criminal cases; and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different). Specifically, the Virginia Supreme Court determined that Harris's claim reflected in Ground (a)(i) of the instant petition did not satisfy either

---

[1]Ground (a)(ii) is addressed inasmuch as it is the same claim Harris raised in his habeas petition to the Virginia Supreme Court as Claim (A)(1). See Harris v. Johnson, No. 061775, slip op. at 3 (Va. April 2, 2007). To the extent Harris's claims were not raised in his state habeas petition, they may not be asserted now. See Va. Code Ann. § 8.01-654(B)(2). Any additional claims are at once exhausted and defaulted for purposes of federal habeas review. See Bassett v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1994).

prong of the <u>Strickland</u> test.  <u>Harris v. Johnson</u>, No. 061775, slip op. at 4-5 (Va. April 2, 2007).  In

fact, the Court found that contrary to Harris's claim the record indicated that the jury was not present

when he was brought into the courtroom in his jail-issued uniform; that the trial court, prosecutor,

and defense counsel were immediately aware of the issue; that Harris wore his own blue shirt

throughout the trial; and, that while Harris wore jail-issued pants before the jury, the pants appeared

to coordinate with his shirt and bore no identifying jail insignia.  <u>Id.</u>  Although Harris now attaches

three affidavits in support of his claim, this evidence was never properly presented to the state court.

Because the trial transcript supports the Virginia Supreme Court's finding, (Trial Tr. 4, Nov. 17,

2004), this Court may not take account of this new evidence.  <u>See</u> 28 U.S.C. § 2254(e)(2); <u>Keeney</u>

<u>v. Tamayo-Reyes</u>, 504 U.S. 1 (1992); <u>see also</u> <u>Boggs v. Bair</u>, 892 F.2d, 1193, 1199 n.2 (4th Cir.

1989).  Accordingly, there is no indication from the record that the Virginia Supreme Court's

adjudication on the merits was contrary to, or involved an unreasonable application of, clearly

established federal law nor has it resulted in a decision that was based on an unreasonable

determination of the facts.  This Court then recommends denial of Harris's Ground (a)(i).

Further, the Virginia Supreme Court concluded that Harris's claim reflected in Ground (a)(ii)

of the instant petition also did not satisfy either prong of <u>Strickland</u>.  <u>Harris</u>, No. 061775, slip op at

3.  Indeed, despite Harris's allegation that the victim's hospital records should have been introduced

to show that the victim had not sustained any physical injuries, the Court found that the hospital

records reflected quite the opposite – that the victim sustained an injury to her genitals.  <u>Id.</u>  Again,

Harris has not shown that the Virginia Supreme Court's adjudication on the merits was contrary to,

or involved an unreasonable application of, clearly established federal law or that it resulted in a

decision that was based on an unreasonable determination of the facts.  Therefore, this Court

recommends denial of Harris's Ground (a)(ii).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Harris's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Harris's Ground (a) should be DENIED because it was previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions applies that would allow this Court to review the claims on the merits.

Harris's Ground (b) should be DENIED because it was never raised in the Virginia state courts and Harris has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim.

Harris's request for an evidentiary hearing is hereby DENIED.

Harris has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted

by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
November 26, 2007

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Barry Harris, #342316
Lunenburg Correctional Center
P.O. Box Y
Victoria, VA 23974

Karri Byers Seaman Atwood, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

November    , 2007

8